UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 3:05-CR-114 |
| | ) | (VARLAN/GUYTON) |
| STEVE P. GILLESPIE | ) | |

## MEMORANDUM AND ORDER

Defendant Steve P. Gillespie is charged with one count of possession with intent to distribute five grams or more of cocaine base, or crack, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B). Defendant filed a motion to suppress [Doc. 13] all evidence, statements, and information obtained following his seizure on September 2, 2003, on the grounds that he was seized without probable cause to believe that he had committed or was about to commit a crime in violation of his constitutional rights. Following an evidentiary hearing on the motion to suppress on January 18, 2005, Magistrate Judge H. Bruce Guyton filed a report and recommendation (R&R) [Doc. 18] in which he recommended that the motion to suppress be denied. This matter is before the Court on defendant's timely objections [Doc. 19] to the R&R.

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which the defendant has objected. In doing so, the Court has carefully considered Judge Guyton's R&R, the underlying briefs [Doc. 13, 16], the transcript of the hearing before Judge Guyton [Doc. 17], and the parties' briefs regarding the pending objections [Docs. 19, 20].

Defendant first objects to Judge Guyton's finding that the officers involved in his arrest and seizure had sufficient specific and articulable facts to justify an investigative stop of the defendant's car. Instead, defendant contends that Officer Thacker described "an immediate wholesale arrest of Mr. Gillespie without probable cause." [Doc. 19 at p.1.] Defendant notes that the officers pulled in behind the defendant's car after it had already stopped at a gas station and immediately drew their guns, ordered the defendant out of his car, ordered him to lie face down on the ground and then handcuffed him.

As noted in the R&R and as reflected in the transcript of testimony, the officers responded to a police dispatch report that a man had called 911 and stated that he was being chased by a man with a firearm on Utica Circle, a fenced apartment complex in Oak Ridge, Tennessee. The suspect was described as a black male driving a white Oldsmobile or white GM vehicle. The complainant could not specifically identify where he was other than in the Utica Circle complex. It is important to note that there is only one entrance and one exit to the Utica Circle complex which exits onto Tulsa Road. Officer Thacker and his partner parked their patrol car on Tulsa Road approximately 200 to 300 yards from this entrance/exit to Utica Circle. Almost immediately after the officers parked and received a transmission that the suspect was leaving Utica Circle in white vehicle, the officers observed a white vehicle exit Utica Circle onto Tulsa Road. The officers followed the vehicle to the Amoco parking lot where they encountered the defendant.

The Court agrees that, based on the totality of the circumstances, the officers did have specific and articulable facts to support a reasonable suspicion justifying the stop of the

defendant's car. *United States v. Arvizu*, 534 U.S. 266, 273 (2002). After receiving a transmission of an armed suspect at Utica Circle and a general description of the suspect's vehicle, the officers immediately observed the defendant's vehicle, which matched the dispatched color and generally matched the dispatched model, leaving the apartment complex. *See United States v. Hurst*, 228 F.3d 751, 757 (6th Cir. 2000). Although the officers could not verify the description of the driver until after defendant exited the vehicle, all the circumstances surrounding the situation support an investigatory stop to determine whether the defendant was involved in the reported incident at Utica Circle. *United States v. Garza*, 10 F.3d 1241, 1245 (6th Cir. 1993). Therefore, finding no error in Judge Guyton's analysis or conclusion, the defendant's objection regarding the propriety of the investigatory stop is **OVERRULED**.

Defendant also objects to Judge Guyton's conclusion that the pat-down search of his person did not exceed the permissible bounds of *Terry v. Ohio*, 392 U.S. 1 (1968). It is clear that an officer may take steps to ensure that a suspect is not armed as part of an investigatory detention. *Id*. at 27. A pat down search of a suspect's outer clothing to discover hidden weapons is permissible provided such search does not expand to a "general exploratory search for whatever evidence of criminal activity" the officer might find. *Id*. at 30. While defendant does not dispute this general rule, defendant argues that Officer Thacker's shake of the defendant's pant leg exceeds the bounds of the "plain touch" doctrine. The Court disagrees and finds that Officer Thacker's efforts to ensure he would not be stuck with a knife or needle were reasonable and limited to the outer surfaces of defendant's clothes.

3

Based on the report of an armed suspect, Officer Thacker had reason to believe that defendant might be armed and dangerous and that he needed to protect himself and his partner from harm. This objection to the R&R is **OVERRULED**.

Finally, defendant objects to Judge Guyton's conclusion that his statements to the officers were admissible. Defendant contends that his statements were made in response to Officer Thacker's questions about what was in the baggie that had just shaken loose from his pant leg. Thus, defendant contends that these were custodial questions in the course of an investigation of crime before defendant was given a *Miranda* warning.

As noted in the R&R, the testimony reveals that defendant made two statements. First, when the plastic bag of crack cocaine fell out of his pant leg, defendant volunteered "that it wasn't his." [Tr. at 11.] Officer Thacker then asked defendant, "you don't know what it is and you don't know where it came from?" [*Id.*] In response, defendant stated that he knew what it was and that it was crack but it wasn't his. [*Id.*] The first statement was volunteered by the defendant and the admissibility of this statement is therefore not implicated by *Miranda*. *United States v. Murphy*, 107 F.3d 1199, 1204-05 (6th Cir. 1997). The defendant's second statement was made in response to Officer Thacker's question. Judge Guyton carefully and thoroughly analyzed whether the defendant was in custody at the time of the questioning according to the factors set forth in *United States v. Salvo*, 133 F.3d 943, 950 (6th Cir.), *cert. denied*, 523 U.S. 1122 (1998), and concluded that defendant was not detained and therefore not entitled to *Miranda* warnings prior to his statement. The Court

4

agrees with Judge Guyton's analysis and conclusion on this issue. Therefore, this objection to the R&R is **OVERRULED**.

For the reasons set forth herein, the Court **ACCEPTS IN WHOLE** the Report and Recommendation of Judge Guyton whereby defendant's motion to suppress [Doc. 13] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE