UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:05-CR-114 |
| | ) | (VARLAN/GUYTON) |
| STEVE P. GILLESPIE, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant Steve P. Gillespie's pro se Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 49], in which defendant requests that the Court recalculate his guideline range and resentence him pursuant to 18 U.S.C. § 3582(c), which permits the Court to reduce a defendant's sentence if the sentencing range has been lowered since defendant was initially sentenced. The United States opposes defendant's motion [Doc. 50]. This matter is now ripe for the Court's consideration.

**I.  Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). "In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," however, the Court "may reduce the term of imprisonment, after considering

the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Through Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, the Sentencing Commission lowered the sentencing ranges for most cocaine base offenses by two offense levels in an effort to correct the disparity in sentences between defendants punished for cocaine base offenses and defendants punished for other drug offenses, including cocaine powder offenses. *See* U.S.S.G. § 2D1.1. On December 11, 2007, the Commission made the amended guideline range retroactive, effective March 3, 2008. *See* U.S.S.G. § 1B1.10(c). Accordingly, the Court has discretion under 18 U.S.C. § 3582(c)(2) to reduce a defendant's sentence for a cocaine base offense, after considering the § 3553 factors, if the reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

**II.     Analysis**

On April 10, 2006, defendant pled guilty to one count of possessing with intent to distribute five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B) [*see* Docs. 3, 24]. The Court entered judgment against defendant on August 16, 2006 [*see* Doc. 34].

In calculating the guideline range applicable to defendant, the probation officer found the defendant responsible for 31.4 grams of crack cocaine, which yielded a base offense level

of 28 [Presentence Investigation Report (the "PSR"), at ¶ 12]. Because of his two prior felony drug convictions, however, defendant was classified as a career offender under U.S.S.G. § 4B1.1 [*Id.*, at ¶¶ 17, 23-24]. Defendant's career offender status raised his offense level to 37 [*Id.*, at ¶ 17]. Application of a three-level reduction for acceptance of responsibility yielded a total offense level of 34 [*Id.*, at ¶¶ 18-19]. Defendant's 16 criminal history points produced a criminal history category of VI–the same as that mandated by his career offender status [*Id.*, at ¶ 33]. The guideline range applicable to defendant was thus 262 to 327 months' imprisonment [*Id.*, at ¶ 53]. After determining that defendant was in fact a career offender, the Court sentenced defendant to 262 months' imprisonment [Doc. 34].

Applying Amendment 706 to this case reduces defendant's offense level, but has no effect on the career offender provisions applicable to defendant's sentence. U.S.S.G. § 4B1.1(b) provides that "if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level [as a career offender] shall apply." Further, U.S.S.G. § 1B1.10(b)(1) provides that the Court "shall substitute only the amendments listed in subsection (c) [including Amendment 706] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Finally, the Court notes that "a reduction in [a] defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) [where an] amendment does not have the effect of lowering the defendant's applicable guidelines range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. 1(A).

The Court points out that, if defendant were sentenced today, he would still have a total offense level of 34, a criminal history category of VI, and a guideline range of 262 to 327 months. This Court thus lacks jurisdiction to modify defendant's sentence in this case. Defendant's motion will be denied.

**III.  Conclusion**

For the reasons above, defendant's pro se Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 49] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
